ATTORNEY FOR APPELLANT
Nancy A. McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court



FILED
Jun 04 2008, 2:07 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 20S03-0709-CR-374

HENRY J. ADKINS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Superior Court No. 5, No. 20D05-0406-FD-258
The Honorable James W. Rieckhoff, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 20A03-0608-CR-351

**June 4, 2008**

**Sullivan, Justice.**

Henry Adkins was convicted of pointing a firearm as a Class D felony. He contends that the jury was incorrectly instructed that he, rather than the State, had the burden of proving that the gun was unloaded. Had there been any evidence that his gun was unloaded, he would be correct. Because there was not, the instruction constituted harmless error.

## Background

In June 2004, Henry Adkins, along with his brother Steve, entered Jason Boze's apartment in Elkhart. Boze was watching television with Ivy Walters, Justin Leason, and Lynndsey Felton when Adkins pointed a gun at Boze's neck and said, "Don't ever mess with my cousin again." (Tr. 43.) Adkins then proceeded to wave the gun around the apartment. Before Adkins and his brother left the Boze residence, they took Boze's phone outside and smashed it on the sidewalk. While outside, Adkins fired the gun into the air and exclaimed, "Next time this is going to be you." (Id. at 47.)

The State charged Adkins with Pointing a Firearm,[1] a Class D felony. At the conclusion of the trial, Adkins objected to one of the trial court's jury instructions on grounds that it allocated the burden of proving that his gun was unloaded to him rather than to the State. The trial court overruled Adkins's objection and the jury found him guilty as charged. The Court of Appeals affirmed. Adkins v. State, 870 N.E.2d 465 (Ind. Ct. App. 2007). Adkins sought, and we granted, transfer. Adkins v. State, 878 N.E.2d 212 (Ind. 2007).[2]

## Discussion

The Legislature has established the criminal offense of pointing a firearm as follows: "A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded." I.C. § 35-47-4-3(b). At the conclusion of the trial, the court gave Final Instruction No. 11, which read:

> If the state failed to prove beyond a reasonable doubt any of the elements of pointing a firearm, then you must find the defendant not guilty of pointing a firearm.

---

[1] Ind. Code § 35-47-4-3(b) (2004).

[2] The decision of the Court of Appeals addressed Adkins's additional contentions that the trial court committed reversible error when it (1) did not allow Adkins's wife to testify as a witness; and (2) did not tell the jury that the offense of pointing a firearm was a "class D felony" and that the offense of pointing an unloaded firearm was a "class A misdemeanor." Adkins, 870 N.E.2d at 469-71. We summarily affirm the Court of Appeals on these points. Ind. Appellate Rule 58(A).

If the State did prove beyond a reasonable doubt all of these elements, then, and only then, may you find the defendant guilty of pointing a firearm.

However, if the State proved [all] of the elements of pointing a firearm, but the defendant proved by a preponderance of the evidence that the firearm was unloaded, then, and only then, may you find the defendant guilty of pointing an unloaded firearm. To prove a proposition by a preponderance of the evidence, a party must convince you that the proposition is more likely true than not true.

(Appellant's App. 50-51.)

Adkins contends that the giving of Final Instruction No. 11 constituted reversible error because it placed the burden of proving that his gun was unloaded on him, rather than on the State. His argument is grounded in the familiar Due Process Clause mandate that "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In Re Winship, 397 U.S. 358, 364 (1970). Sandstrom v. Montana established the corollary principle that a jury instruction that shifts to the defendant the burden of proof on a requisite element of mental state violates due process. 442 U.S. 510, 524 (1979). Here, Adkins maintains, the effect of requiring him to prove that his gun was unloaded was tantamount to relieving the State of its responsibility of proving all elements of the offense.

Though not explicitly presented in this case, several cases involving convictions for Class D Felony Pointing a Firearm have been appealed on the basis that the State failed to prove beyond a reasonable doubt that the weapon in question was loaded. Given that a defendant may be convicted of Class A Misdemeanor Pointing a Firearm if the firearm is unloaded, one intuitively thinks that it must have to be loaded for the accused to be guilty of the more serious felony charge. But reading the statute as a whole yields a different conclusion. The elements of Class D Felony Pointing a Firearm simply do not include a requirement that the gun be loaded. As the Court of Appeals pointed out in Brown v. State, "the statutory language indicates a clear intent that the State is not required to prove that a firearm was loaded in order to obtain a conviction for pointing a firearm as a class D felony." 790 N.E.2d 1061, 1064 (Ind. Ct. App. 2003). Brown followed Armstrong v. State, in which the Court of Appeals correctly observed

3

that the statute is intended to protect individuals from being placed in danger of death or bodily injury from the discharge of a firearm, and that its unambiguous language indicates that it does not matter if the firearm is loaded. 742 N.E.2d 972, 976 (Ind. Ct. App. 2001). Subject to the following discussion, the State has no responsibility to prove that a gun is loaded in order to secure a conviction for Class D Felony Pointing a Firearm.[3]

But what of the issue presented here? What has to happen for a person accused of Pointing a Firearm to be convicted of a Class A misdemeanor rather than a Class D felony? The plain language of the statute suggests that if the evidence is totally lacking with regard to whether a weapon is loaded or unloaded, a jury cannot convict of a Class A misdemeanor because the "unloaded" element of the offense has not been established. See Brown, 790 N.E.2d at 1066 (Sullivan, J., concurring in part and dissenting in part). Thus, "a defendant is entitled to [be convicted of] a class A misdemeanor rather than a class D felony only if the evidence affirmatively demonstrates that the firearm was not loaded." Id. at 1064 (majority opinion).

Given this structure, what is the correct allocation and weight of the burden of proving that a firearm is not loaded? Here, two respectable schools of thought have emerged in the opinions of the Court of Appeals. The first, enunciated by Judge Sullivan in his separate opinion in Brown, id. at 1066 (Sullivan, J., concurring in part and dissenting in part), and followed by the trial court and the Court of Appeals in this case, Adkins, 870 N.E.2d at 472, is that the statute creates an "affirmative defense" with respect to which the defendant bears the burden of proof. This is also the approach followed by the Indiana Pattern Jury Instructions.[4]

The second school of thought is that advanced by Judge Crone in his separate opinion in this case. Judge Crone took the position that it is not an affirmative defense to demonstrate that a

---

[3] In Nantz v. State, 740 N.E.2d 1276, 1279 (Ind. Ct. App. 2001), trans. denied, the court held that "[t]o convict Nantz of pointing a firearm as a Class D felony the State was required to prove that he knowingly or intentionally pointed a loaded firearm at another person." However, it was undisputed in Nantz that the weapon was loaded; the court did not reach the issue of whether the State was required to prove that the defendant's weapon was loaded to obtain a Class D felony conviction.

[4] "If the State did prove each of these elements, and the Defendant did not prove by a preponderance of the evidence that the firearm was unloaded, you may find the Defendant guilty of pointing a firearm, a class D felony." Indiana Pattern Jury Instructions – Criminal § 7.61, Rel. 3-1203 (3d ed. 2006).

firearm is unloaded. Adkins, id. at 473 (Crone, J., concurring in result). "'An affirmative defense admits all the elements of the crime but proves circumstances which excuse the defendant from culpability.'" Id. (quoting Melendez v. State, 511 N.E.2d 454, 457 (Ind. 1987)). Judge Crone maintained that a defendant who claims that his or her firearm was unloaded "is not attempting to negate an element of the crime, but rather to prove a mitigating factor that reduces, but not wholly excuses, his culpability." Id. (As we have seen, a loaded weapon is not an element of Class D Felony Pointing a Firearm.)

Judge Crone analogized the role that the unloaded firearm plays to that which "sudden heat" plays in prosecutions for murder. Id. "Sudden heat" is not an affirmative defense in such a case (because it does not negate an element of the crime of murder) but a mitigating factor that reduces the defendant's culpability from murder to voluntary manslaughter. Id. (citing Boone v. State, 728 N.E.2d 135, 138 (Ind. 2000)). We agree with Judge Crone that the fact that a gun is unloaded is a mitigating factor that reduces a defendant's culpability from a felony to a misdemeanor, not an affirmative defense.

A defendant bears an initial burden of proof by a preponderance of the evidence on any affirmative defense. Dearman v. State, 743 N.E.2d 757, 761 (Ind. 2001); Clemens v. State, 610 N.E.2d 236, 241 (Ind. 1993); Brown v. State, 485 N.E.2d 108, 111 (Ind. 1985). But the defendant bears no burden of proof with respect to the mitigating factor of sudden heat, only the burden of placing the issue in question where the State's evidence has not done so. Dearman, 743 N.E.2d at 761 (citing Bradford v. State, 675 N.E.2d 296, 300 (Ind. 1996), and Wolfe v. State, 426 N.E.2d 647, 652 (Ind. 1981)). The State then assumes the burden of disproving the existence of sudden heat beyond a reasonable doubt. Boesch v. State, 778 N.E.2d 1276, 1279 (Ind. 2002). We hold the same rule applies with respect to Class A Misdemeanor Pointing a Firearm. That is, if a defendant charged with Class D Felony Pointing a Firearm seeks instead to be convicted of Class A Misdemeanor Pointing a Firearm, the defendant must place the fact of the gun having been unloaded at issue if the State's evidence has not done so. Once at issue, the State must then prove beyond a reasonable doubt that the firearm was loaded.

While it is apparent from this discussion that the trial court's instruction was not in

accord with our holding, Adkins is not entitled to relief. Adkins offered no evidence to suggest that the firearm was unloaded when he pointed it at Boze.[5] There is ample evidence in the record from which to conclude that the gun was loaded since Boze, Walters, and Leason all testified that they heard gunshots when Adkins went outside. Adkins did not place the question of whether his gun was unloaded at issue and so the State had no obligation to prove that it was loaded. For this reason, the instruction given by the trial court constituted harmless error.

## **Conclusion**

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

---

[5] Cf. Watts v. State, 885 N.E.2d 1228 (Ind. 2008), where we held that it was error for a trial court in a murder prosecution to instruct a jury on the option of convicting defendant of voluntary manslaughter in the absence of any evidence of sudden heat.