**Reynaldo A. GRIFFIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 71A03–0805–CR–260.**

Court of Appeals of Indiana.

May 7, 2009.

Transfer Granted July 23, 2009.

---

Jeffrey L. Sanford, South Bend, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Reynaldo Griffin appeals his conviction of possession of cocaine within 1,000 feet of school property, a Class B felony. We affirm.

### ISSUE

Griffin raises one issue for our review, which we restate as: Whether the evidence is sufficient to support the enhancement of the felony.

### FACTS AND PROCEDURAL HISTORY

On June 24, 2006, at approximately 2:15 a.m., South Bend Police Officer Keith Walker was patrolling the area near Perley Elementary School when he observed Griffin guiding a moped down the middle of the street. Officer Walker, knowing that many thefts of mopeds had recently occurred, and observing that Griffin was pushing the moped, stopped Griffin to determine whether it had been stolen. At that point, Griffin had moved the moped to the curb immediately adjacent to school property. Officer Walker observed that the moped had significant amounts of tape on it and that a screwdriver was stuck in the ignition.

As Officer Walker continued his investigation, Griffin became irate. At one point, Officer Walker lifted the moped from where Griffin had placed it and observed some baggies on the ground directly underneath the moped. The baggies appeared to contain a white, rock-like substance that Officer Walker believed to be crack cocaine. Indeed, the substance was later identified as crack cocaine.

Griffin was arrested for possession of cocaine within 1,000 feet of school property. Griffin pled a defense pursuant to Ind.Code § 35–48–4–16 that he was "only briefly present near the school property and that no children were present." Griffin did not testify at trial, and no defense witness testified as to the defense. Officer Walker testified that he had watched Griffin for some time before stopping him.

Griffin was charged with possession of cocaine as a D felony and the enhanced B felony for possession of cocaine within 1,000 feet of a school. The jury found Griffin guilty of the enhanced offense, and Griffin now appeals.

### DISCUSSION AND DECISION

■ Griffin contends that the State failed to introduce sufficient evidence to sustain his conviction of the enhanced offense. When reviewing the sufficiency of evidence to support a conviction, an appellate court considers only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State,* 867 N.E.2d 144, 146 (Ind.2007). Stated differently, the court looks only to the evidence favorable to the State and all reasonable inferences therefrom. *Bennett v. State,* 871 N.E.2d 316, 319 (Ind.Ct.App.2007), *adopted by* 878 N.E.2d 836 (Ind.2008). Courts of review must be careful not to impinge on the fact finder's authority to assess witness credibility and to weigh the evidence. *Drane, id.* We will affirm the conviction unless " 'no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt.' " *Id.* (quoting *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind.2000)).

In order to prove possession of cocaine as a Class D felony, the State must show

that a person knowingly or intentionally possessed the drug. Ind.Code § 35–48–4–6(a). The offense is enhanced to a Class B felony if the person possesses cocaine in, on, or within 1000 feet of a public park. Ind.Code § 35–48–4–6(b)(2)(B).[1] However, Ind.Code § 35–48–4–16(b) provides that it is a defense that (1) a person was briefly in, on, or within 1,000 feet of school property, and (2) no person under eighteen was in, on, or within 1,000 feet of school property.

■ Before we reach the sufficiency argument, we must address the parties' dispute over burden of proof. Griffin argues that Ind.Code § 35–48–4–16(b) contains mitigating factors that merely reduce, not excuse, a defendant's culpability; therefore, the defendant has only the burden of placing the issue in question where the State's evidence has not done so. The State counters that the statute delineates an affirmative defense that must be proven by the defendant.

In *Adkins v. State,* 887 N.E.2d 934 (Ind. 2008), our supreme court analyzed Ind. Code § 35–47–4–3, a statute that reduces the Class D felony of pointing a firearm to a Class A misdemeanor upon the showing that the gun was unloaded. The court held that an unloaded firearm was a mitigating factor similar to sudden heat. We conclude that *Adkins* supports Griffin's argument.

In *Adkins,* the State charged the defendant with the Class D felony of pointing a firearm. Ind.Code § 35–47–4–3 provides, "A person who knowingly or intentionally points a firearm at another person commits a Class D felony. However, the offense is a Class A misdemeanor if the firearm was not loaded." At the conclu-

---

1. The enhancement also includes school property, a family housing complex, or a youth      program center.

sion of the trial, the jury was instructed that a guilty verdict of the Class A misdemeanor pointing a firearm was possible if the defendant proved by a preponderance of the evidence that the firearm was not loaded. 887 N.E.2d at 936. Adkins objected to the instruction, was overruled, and was subsequently found guilty of the Class D felony.

We affirmed the trial court but our supreme court took the case on transfer. The supreme court stated that "two respectable schools of thought have emerged in the opinions of the Court of Appeals": (1) "that the statute creates an affirmative defense with respect to which the defendant bears the burden of proof;" and (2) "that it is not an affirmative defense to demonstrate that the firearm is unloaded." *Id.* at 937. The court agreed with the second school of thought (expressed by Judge Crone in a separate opinion in *Adkins* ). The court held:

> Judge Crone analogized the role that the unloaded firearm plays to that which "sudden heat" plays in prosecutions for murder. "Sudden heat" is not an affirmative defense in such a case (because it does not negate an element of the crime of murder) but a mitigating factor that reduces the defendant's culpability from murder to voluntary manslaughter. We agree with Judge Crone that the fact that a gun is unloaded is a mitigating factor that reduces a defendant's culpability from a felony to a misdemeanor, not an affirmative defense.
>
> A defendant bears an initial burden by a preponderance of the evidence on any affirmative defense. But the defendant bears no burden of proof with respect to the mitigating factor of sudden heat,

only the burden of placing the issue in question where the State's evidence has not done so. The State then assumes the burden of disproving the existence of sudden heat beyond a reasonable doubt. We hold the same rule applies with respect to Class A Misdemeanor Pointing a Firearm. That is, if a defendant charged with Class D Felony Pointing a Firearm seeks instead to be convicted of Class A Misdemeanor Pointing a Firearm, the defendant must place the fact of the gun having been unloaded at issue if the State's evidence has not done so. Once at issue, the State must then prove beyond a reasonable doubt that the firearm was loaded.

*Id.* at 937–38. (Citations omitted).

■ Similarly, the statutory defense provided in Ind.Code § 35–48–4–16(b) does not excuse a defendant from culpability. It operates only to reduce the level of culpability when certain factors are present. Even if the factors are present, the defendant is still guilty of the base crime. Accordingly, we conclude that Ind.Code § 35–48–4–16(b) constitutes a mitigating factor that reduces culpability, and therefore the defendant does not have the burden of proof but "only the burden of placing the issue in question where the State's evidence has not done so." *Adkins,* 887 N.E.2d at 938. Once the defense is at issue, the State must rebut the defense by proving beyond a reasonable doubt either that the defendant was within 1000 feet of a public park more than "briefly" or that persons under the age of eighteen at least three years junior to the defendant were within 1000 feet of the school property.[2]

■ In the present case, the following cross-examination exchange between de-

---

**2.** We note that a panel of this court reached the same conclusion in *Harrison v. State,* 901 N.E.2d 635 (Ind.Ct.App.2009). Indeed, we have used a sizable portion of the language of that case in our discussion. However, our supreme court has not ruled on the State's petition for transfer, and the opinion has not been certified.

fense counsel and Officer Walker put into evidence the defense pertaining to the length of Griffin's presence within 1000 feet of school property:

Q [W]hen you saw Mr. Griffin here [near the school] he was pushing the moped down the street, is that correct?

A Down the center of Campeau [a street running alongside the school], yes.

Q He wasn't—and I think you said that you were watching him for five minutes or so?

A I said that to him. I was sitting at the end of the street watching him. I didn't time it.

Q During the time you did watch him he was moving down?

A Yes, his feet were—

Q Walking along?

A Yes.

(Tr. at 133).

The jury, which was instructed on the defense, determined that Officer Walker's approximate five-minute observation of Griffin's walk down Campeau Street was sufficient to show that he was not "briefly" within 1,000 feet of the school. As we stated above, we will not impinge on a jury's determination unless "no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt." *Drane*, 867 N.E.2d at 146. There is no ironclad rule as to what constitutes a "brief" presence, and we cannot say as a matter of law that the jury's determination was unreasonable under the circumstances of this case. Accordingly, the State's evi-

dence was sufficient to rebut Griffin's defense.[3]

Affirmed.

MATHIAS, J., concurs.

FRIEDLANDER, J., concurring in part, dissenting in part.

FRIEDLANDER, Judge, concurring in part, dissenting in part.

I agree with the Majority's determination regarding the allocation of the burden of proof concerning the defense set out in Ind.Code Ann. § 35–48–4–16(b) (West, PREMISE through 2008 2nd Regular Sess.). I cannot, however, agree that under these circumstances, a reasonable juror could conclude that Griffin's presence within 1000 feet of a school was anything other than "brief," within the meaning of I.C. § 35–48–4–16(b). *See Drane v. State*, 867 N.E.2d 144 (Ind.2007).

I feel compelled to preface my comments on this case by noting another on which I served as a panel member. In *Polk v. State*, 822 N.E.2d 239 (Ind.Ct.App. 2005), *trans. denied*, the defendant was a passenger in a moving vehicle that was stopped in the early morning hours by police for a traffic violation and discovered to be in possession of cocaine and a schedule IV controlled substance. The former offense was enhanced to a class A felony because the stop happened to occur in front of a school. Upon direct appeal to the Supreme Court, Polk challenged the school-zone enhancement of his possession conviction, arguing that the legislature did not intend the enhancement to apply to a passenger in a moving vehicle that is by happenstance stopped by police for a traffic violation within the 1000–foot

---

**3.** Officer Walker also speculated about the presence of children in nearby houses. However, because we have found that the jury's determination was reasonable under the cir-

cumstances pertaining to the first part of Ind. Code § 35–48–4–16(b), we need not address the second part of the defense.

zone. *Polk v. State*, 683 N.E.2d 567 (Ind. 1997). Polk argued that the enhancement so applied did not advance the statute's underlying objective of protecting school children from the effects of drugs, and produced absurd and unintended results. The Supreme Court rejected that argument, stating:

> Polk maintains that if we rule against his position police will wait to pull over suspected possessors of drugs until their cars are within 1000 feet of a school. However, the enhancement is triggered by possession within the zone, whether or not the defendant is pulled over within the zone. It is the act of entering the zone, and not the police action of pulling the defendant over, that triggers the enhancement. Nothing forces drug offenders to drive within the drug-free zone created by the legislature. To the contrary, they pass there at their own peril and in jeopardy of their own penal interests.

*Id.* at 571–72. In a special concurrence, Justice Sullivan characterized the school-zone enhancement as a "strict liability offense." *Id.* at 573. This comment can be construed as referring not only to the defendant's knowledge that he was within 1000 feet of a school at the time of the offense, which knowledge Polk clearly possessed, but also the circumstances under which the drugs were discovered there, i.e., a traffic stop that occurred, by chance, while the defendant was driving past a school.

The case subsequently came before this court upon petition for post-conviction relief. Pope argued that the circumstances of his case fit within the "briefly and without children present" exception set out in I.C. § 35–48–4–16. This court determined that the issue of whether the offense was properly enhanced was res judicata. The majority opinion, in which I fully con-

curred, noted that I.C. § 35–48–4–16 is an ameliorative statute that did not become effective until after Polk was sentenced. Thus, it was unavailable to him. Although one could find support in the Supreme Court's opinion to reject Griffin's argument here, that decision predated the effective date of I.C. § 35–48–4–16. Indeed, that provision was not even mentioned. Thus, I do not find my position here to be in conflict with my vote in *Polk v. State*, 822 N.E.2d 239.

Turning now to the instant case, the salient facts are that Griffin was walking a moped past a school when he was stopped by police. Although the term "briefly", as used in I.C. § 35–48–4–16(b)(1), clearly imparts a temporal connotation, the time span itself is not the only element in this equation. Whether a particular time interval is "brief" is also a function of surrounding circumstances, including the defendant's intentions to be or remain near the school zone for any period of time, however short.

Officer Walker's estimate of the time interval involved here, i.e., five minutes, is probably accurate. First, five minutes is an objectively short span of time. Second, traveling on foot to, past, and 1000 feet beyond a school zone can hardly take much less than five minutes when pushing a moped. Third, there is no indication that, had he not been stopped, Griffin would have been within the proscribed 1000–foot zone any longer than it took him to traverse the necessary distance to get beyond it. Considering the very short time span and the fact that Griffin was moving steadily past the school zone as quickly as circumstances would permit until he was stopped, I would conclude that the jury's determination that Griffin was within the forbidden zone more than "briefly" was unreasonable.

Although I agree that the State bore the burden of rebutting the defense set out in I.C. § 35–48–4–16(b), upon my conclusion that it failed to do so, I would reduce the possession offense to a class D felony and remand for sentencing on that offense.