ATTORNEY FOR APPELLANT
Jeffrey L. Sanford
South Bend, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Thomas D. Perkins
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 71S03-0907-CR-333

REYNALDO A. GRIFFIN,                    *Appellant (Defendant below),*

v.

STATE OF INDIANA,                       *Appellee (Plaintiff below).*

Appeal from the St. Joseph Superior Court, No. 71D08-0606-FB-71
The Honorable R.W. Chamblee, Jr., Judge

On Transfer from the Indiana Court of Appeals, No. 71A03-0805-CR-260

**February 23, 2010**

**Dickson, Justice.**

For persons charged with committing certain drug offenses in, on, or within 1,000 feet of school property, a public park, a family housing complex, or a youth program center, the resulting penalty enhancement is precluded if both (a) the defendant was in, on, or within the proscribed area only "briefly," and (b) no member of a designated class of young people was within the designated area at the time of the offense. Indiana Code § 35-48-4-16(b). We granted transfer in this case and in <u>Gallagher v. State</u>, also decided today, to address the meaning and application of the statutory term "briefly."

The State charged the defendant with Possession of Cocaine Within 1,000 Feet of School Property, a class B felony.[1] Only one witness testified at trial: State's witness South Bend Police Officer Keith Walker. He stated that at approximately 2:15 in the morning on June 25, 2006 (a Saturday), he observed for about five minutes the defendant pushing a moped down the middle of Campeau Street. Because of the increased frequency of reported moped thefts in the spring and summer, Officer Walker approached the defendant to determine if the moped was stolen by checking the vehicle identification number (VIN). Observing the defendant "getting more and more irate," the officer "patted him down" and put him in the officer's vehicle "for my safety." Tr. at 125. While "waiting on dispatch" to answer regarding the VIN, the officer went to the moped to move it off the road and observed under it a plastic bag containing a white cake rock-like substance that was determined to be 0.77 grams of cocaine. *Id.* at 126–27. The officer's stop of the defendant on Campeau Street occurred immediately adjacent to a chain link fence surrounding Perley Elementary School. The defense evoked testimony on cross-examination that no children were seen at that time on or near the school property. While the officer testified that Campeau Street was in a residential neighborhood primarily consisting of single family dwellings, there was no evidence regarding the proximity of "a public park, a family housing complex, or a youth program center."[2] The parties' closing statements included arguments about whether the evidence called for application of the statutory defense. The jury was advised of the elements required for conviction of Possession of Cocaine as a class D felony and that the jury should find the defendant guilty of Possession of Cocaine as a class B felony if "the State has further proved beyond a reasonable doubt that the [d]efendant knowingly possessed cocaine within 1000 feet of school property, and you do not find that the defense set out below applies to this case." Appellant's App'x at 23. The jury instruction also stated:

> It is a defense to the element of being "within 1000 feet of school property" that a person:
> A. Was briefly within 1000 feet of school property, and
> B. No person under eighteen (18) years of age at least three (3) years junior to the defendant, Reynaldo Griffin, was in, on or within 1000 feet of the school property.

*Id.* The jury found the defendant guilty of the class B felony, and the trial court entered judgment accordingly. The Court of Appeals affirmed. Griffin v. State, 905 N.E.2d 521, 525 (Ind. Ct. App. 2009). We granted transfer.

---

[1] Ind. Code § 35-48-4-6(b)(2).
[2] Ind. Code § 35-48-4-16(b).

In the sole issue presented in his appeal, the defendant contends that his class B felony conviction is not supported by sufficient evidence because the State failed to rebut the statutory defense that the defendant was only briefly near school property with no children present. The defendant requests that his class B conviction be set aside and replaced with a conviction for Possession of Cocaine as a class D felony.

In response, the State argues that the evidence was sufficient to prove the defendant possessed cocaine within 1,000 feet of school property, that Officer Walker stated that children were likely present in the homes surrounding the school, and that the jury's rejection of the defense should not be re-weighed on appeal. The State also contends that it is the defendant's burden to establish the defense, not the State's burden to rebut it.

The statutory definition for Possession of Cocaine or Narcotic Drug classifies the offense as a class D felony, with three exceptions, each providing greater penal consequences: (1) it is a class C felony if the amount of the drug weighs three grams or more, or if the person is also in possession of a firearm; (2) it is a class B felony if the amount is less than three grams and the possession occurs on a school bus or "in, on, or within one thousand (1,000) feet of" school property, a public park, a family housing complex, or a youth program center; and (3) it is a class A felony if the amount of the drug weighs at least three grams and the possession occurs at a location designated for the class B felony. Ind. Code § 35-48-4-6.

As to offenses requiring proof of delivery, financing the delivery, or possession of cocaine and other specified drugs within one thousand feet of school property, a public park, a family housing complex, or a youth program center, the legislature has provided that the person charged may assert the following defense to the enhancement from a class D to a class B felony:

 (1) a person was briefly in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center; and
(2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one thousand (1,000) feet of the school property, public park, family housing complex, or youth program center at the time of the offense.

3

Ind. Code § 35-48-4-16(b).[3]

As to whether the burden to prove the statutory defense falls upon the defendant, we find helpful the analysis in Harrison v. State, 901 N.E.2d 635 (Ind. Ct. App. 2009), *trans. denied*, a closely analogous case that draws upon Adkins v. State, 887 N.E.2d 934 (Ind. 2008), in which this Court recently addressed the burden of proof with respect to mitigating factors in contrast to affirmative defenses. The facts in Harrison differ from the present case only in that there, (a) the defendant was charged with dealing, not possession of, cocaine, and thus involved more severe penal consequences, and (b) the enhancing factor was the commission of the offense within 1,000 feet of a public park, not a school. Addressing a claim that the State failed to disprove only brief presence and the absence of children, the court held:

> Accordingly, we conclude that Indiana Code Section 35-48-4-16(b) constitutes a mitigating factor that reduces culpability, and therefore the defendant does not have the burden of proof but "only the burden of placing the issue in question where the State's evidence has not done so." *See Adkins,* 887 N.E.2d at 938. Once at issue, the State must rebut the defense by proving beyond a reasonable doubt either that the defendant was within 1000 feet of a public park more than "briefly" *or* persons under the age of eighteen at least three years junior to the defendant were within 1000 feet of the public park (because both factors are required to effectuate the mitigation).

Harrison, 901 N.E.2d at 642. Finding that the State failed to prove that Harrison was within the proscribed zone more than for a brief time or that persons under eighteen years of age were present, the court reversed Harrison's conviction for dealing in cocaine as a class A felony and remanded with instructions to reduce the conviction to a class B felony and to resentence him accordingly.

In the present case, the Court of Appeals applied the Harrison analysis as to the State having the burden to rebut the defense, but concluded that "Officer Walker's approximate five-minute observation of Griffin's walk down Campeau Street was sufficient to show that he was not 'briefly' within 1,000 feet of the school," and thus "the State's evidence was sufficient to rebut Griffin's defense." Griffin, 905 N.E.2d at 525. We agree that Harrison and Adkins provide the

---

[3] Although labeled a "defense" by the statute, Section 16(b) does not provide a general defense to Possession of Cocaine or Narcotic Drug regardless whether charged as a class B or a class D felony. This "defense" rather operates to preclude, under limited circumstances, the enhancement from a class D to a class B felony that would ordinarily result from commission of the crime within the proscribed zone.

proper analysis but disagree with the Court of Appeals in its consideration of the evidence.

The defendant was observed at about 2:15 in the morning pushing a moped for five minutes until Officer Walker stopped him adjacent to a school. The officer "didn't actually see any children on the school property or near the school property" and "didn't see anybody walking to and from school." Tr. at 132, 133.[4] The State argues that the evidence regarding the absence of children is merely speculative and does not warrant application of the defense, citing Stringer v. State, 853 N.E.2d 543 (Ind. Ct. App. 2006).

In Stringer, the court viewed the evidence as establishing only that "it is unknown whether anyone under the age of eighteen" was in the proscribed zone when Stringer was arrested and concluded that this was insufficient to require the giving of an instruction on the statutory defense. *Id*. at 549. Similarly, in Jackson v. State, 890 N.E.2d 11 (Ind. Ct. App. 2008), the court approved the refusal to give an instruction on the statutory defense because "there was no evidence regarding whether there were any children under the age of eighteen at the school." *Id.* at 20. In both Stringer and Jackson, there was an absence of any evidence or reasonable inferences to establish the lack of children in the proscribed zones.[5]

In contrast to Stringer and Jackson, where the evidence was inconclusive regarding the presence of children, in the present case, Officer Walker's testimony affirmatively represented that he saw no children at or near the school property, and thus was sufficient to raise an issue as to the defense's second prong—the absence of children—and thus to require the State to rebut the defense. Officer Walker further testified, however, that the defendant was pushing the moped down a street in a residential neighborhood primarily consisting of single family dwellings.

---

[4] The evidence also includes the following related but confusing exchange:
Q [on cross-examination:] You didn't see any school children out anywhere that evening or the early hours of the morning, is that correct?
A [by Officer Walker:] No.
Tr. at 132. The question was initially posed in the negative, but the opposite positive question, "is that correct?" was appended to it. It is unclear whether Officer Walker's negative answer was intended to deny the initial negative assertion or the appended positive inquiry.

[5] Both Stringer and Jackson focus upon the adequacy of the defendant's evidence to require the trial court to give a jury instruction on the statutory defense. We do not read them to place upon a defendant the ultimate burden of proving the elements of the statutory defense. Such construction is contrary to Adkins and Harrison, as discussed above.

5

When asked, "To your knowledge are there any families with children in the area?" he answered "Probably." Tr. at 122. Despite its obligation to rebut the defense beyond a reasonable doubt, *see* Adkins, 887 N.E.2d at 938, the State presented no further relevant evidence to disprove that "no person under eighteen (18) years of age at least three (3) years junior to [the defendant] was in, on, or within one thousand (1,000) feet of the school property." Ind. Code § 35-48-4-16(b)(2). There was no evidence as to the location of the residential homes along the street so as to place them, or any inferred child occupants, within 1,000 feet of the school.[6] We thus find that the evidence was insufficient to rebut the absence-of-children prong of the statutory defense.

While the evidence was insufficient to rebut the absence-of-children prong of the defense, adequate rebuttal of the first prong—proving that the defendant's presence within the proscribed zone was more than "briefly"—would have defeated the defense, which requires the existence of both prongs. Ind. Code § 35-48-4-16(b).

The term "briefly" is not defined by statute, nor by caselaw. In Harrison, the Court of Appeals declined to "precisely determine the duration of a 'brief' period of time," but concluded that the defendant's walking 297 feet into a proscribed zone, delivering cocaine, and then walking away was insufficient to prove that the defendant was within the proscribed zone "for more than a brief time." 901 N.E.2d at 643. Common usage dictionaries typically define the adjective

---

[6] There is no issue as to whether the defendant's cocaine possession was within 1,000 feet of a "family housing complex," one aspect of the statutory defense, because the charged offense referred only to proximity to a school, not a "family housing complex." Furthermore, the evidence does not show the presence of any such complex as then defined by statute. As of the date of the charged offense, June 25, 2006, the phrase "family housing complex" was defined as follows:
"Family housing complex" means a building or series of buildings:
    (1) that is owned by a governmental unit or political subdivision;
    (2) that contains at least twelve (12) dwelling units; and
    (3) where children are domiciled or are likely to be domiciled.
Ind. Code § 35-41-1-10.5 (1996). This definition was subsequently modified by amendments effective June 30, 2006, and January 1, 2009. In its present form, the definition states:
"Family housing complex" means a building or series of buildings:
    (1) that contains at least twelve (12) dwelling units:
      (A) where children are domiciled or are likely to be domiciled; and
      (B) that are owned by a governmental unit or political subdivision;
    (2) that is operated as a hotel or motel (as described in IC 22-11-18-1);
    (3) that is operated as an apartment complex; or
    (4) that contains subsidized housing.
Ind. Code § 35-41-1-10.5.

"brief" to mean short in duration, length, or extent; succinct; concise; abrupt; or curt.[7] These definitions, like the word "briefly" itself, imply a relative comparison, not the mere abstract passage of a discrete period of time.

Chosen by the legislature to serve as one element of the statutory defense, the word "briefly" is not free from ambiguity. If intended only to refer to some abstract passage of time, the legislature easily could have chosen to phrase the defense in terms of a specific duration of intrusion into the proscribed zone, e.g., "forty-five seconds," "five minutes," "fifteen minutes," "one hour," etc. As a qualification of the defense applicable when a defendant is in the proscribed zone no more than "briefly," the word implies that such duration must be determined in relation to other considerations, not merely an abstract, temporal component.

The criminal offenses to which the defense applies enhance a defendant's penal consequences for illegal drug activity committed near areas where children are likely to be present. The statutory defense operates to excuse a defendant from the required enhancement when his presence in the proscribed zone only minimally increases the risk to children. The "briefly" requirement should be interpreted in a manner consistent with this purpose. Thus, when a defendant's presence in the proscribed zone is primarily for a purpose other than illicit drug activity, the risk to children is smaller and the word "briefly" could encompass a greater duration of time. One example of this would be the traversing within a proscribed area without tarrying but while in concealed, illegal possession of drugs. On the other hand, when the principal purpose of a defendant's presence in the zone is to actively engage in criminal drug activity, especially if such activity is visible to any children, even a relatively short intrusion into the proscribed zone would be more than "brief" and thus should not excuse the defendant from the enhancement.

We therefore understand "briefly," as used in the statutory enhancement defense, to mean a period of time no longer than reasonably necessary for a defendant's intrusion into the proscribed zone principally for conduct unrelated to unlawful drug activities, provided that the de-

---

[7] *See, e.g.*, The American Heritage Dictionary 208 (2d coll. ed. 1985); The Random House College Dictionary 168 (rev. ed. 1984); Webster's Ninth New Collegiate Dictionary 179 (1987).

fendant's activities related to the charged offense are not visible.[8]

We conclude that the statutory "defense" provided by Indiana Code § 35-48-4-16(b) is not an affirmative defense but a mitigating factor that reduces culpability. Therefore, the evidence at trial was sufficient to raise the defense for the defendant, but it was insufficient to satisfy the State's burden to rebut the defense beyond a reasonable doubt. The State has not proven that the defendant's presence within 1,000 feet of the school lasted longer than reasonably necessary to push the moped down the street nor that his criminal activities while there would have been visible to any children if present. Nor has the State proven the presence of persons (a) under eighteen years of age at least three years junior to the defendant and (b) who were within 1,000 feet of the school property.

We reverse the defendant's conviction of Possession of Cocaine Within 1,000 Feet of School Property, a class B felony, and remand to the trial court for entry of a conviction for Possession of Cocaine, a class D felony, and for resentencing accordingly.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

---

[8] This construction is not impaired by the final subsection of the statute creating the defense:

> The defense under this section applies only to the element of the offense that requires proof that the delivery, financing of the delivery, or possession of cocaine, a narcotic drug, methamphetamine, or a controlled substance occurred in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center.

Ind. Code § 35-48-4-16(d). We find this qualification to limit the defense to the proximity element of the covered offenses. It does not apply the defense to the elements of delivery, financing of delivery, or possession of drugs. Operating to limit the defense to the proximity element, this subsection thus renders the defense not applicable to a covered drug offense for which there is no element requiring that it occur within 1,000 feet of a proscribed zone.