Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**CRAIG PERSINGER**
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BARRY COOK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 27A05-1107-CR-402 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GRANT CIRCUIT COURT
The Honorable Mark E. Spitzer, Judge
Cause No. 27C01-1010-FA-346

**February 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

Barry Cook appeals the trial court's judgment convicting him of possession of cocaine, as a Class B felony, following a jury trial. Cook presents a single issue for review: whether the evidence is sufficient to support his conviction for the Class B felony offense.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On October 12, 2010, Marion Police Officers Joel Thomas and Sergeant Richard Eastes were dispatched to investigate a disturbance at 1492 East Chandler Court in the Eagle Trace Apartments. Officer Thomas arrived first and heard someone crying inside the building. When Sergeant Eastes arrived, the two officers determined that the crying was coming from Apartment 4. They went upstairs to the apartment door and knocked, and Rachel Bowman, the tenant, opened the door. The officers then heard a crashing sound from inside,[1] and they entered the apartment.

Once inside, the officers observed Cook exiting the bathroom. Officer Thomas ordered Cook to keep his hands in view and to walk toward the officer. Instead of complying, Cook turned right into the kitchen, out of view of the officers. Being familiar with the layout of the apartments in the complex, Officer Thomas walked left through the living room to intercept Cook, and Sergeant Eastes quickly followed Cook from the other direction into the kitchen. Once Sergeant Eastes had Cook in view in the kitchen, the officer saw Cook drop items from his hands onto the floor. The officers later collected

---

[1] The officers later determined that the noise was made by James Little as he was falling out of a chair. They found Little lying on the kitchen floor.

the items Cook had dropped: keys, cigarillos, and a baggie containing 1.5 grams of cocaine.

The State charged Cook with possession of cocaine within 1000 feet of a family housing complex, a Class B felony; possession of cocaine, as a Class D felony; intimidation, as a Class D felony; and battery resulting in bodily injury, as a Class A misdemeanor. At the start of trial the State dismissed the latter three charges and proceeded with their case on Class B felony possession of cocaine. Cook asserted a defense under Indiana Code Section 35-48-4-16. At the conclusion of the trial, the jury returned a guilty verdict. The trial court subsequently sentenced Cook to fifteen years executed. Cook now appeals.

## DISCUSSION AND DECISION

Cook contends that the evidence is insufficient to support his conviction for possession of cocaine within 1000 feet of a family housing complex, a Class B felony. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

3

To prove the offense of possession of cocaine, as a Class D felony, the State was required to show beyond a reasonable doubt that Cook knowingly or intentionally possessed less than three grams of cocaine. See Ind. Code § 35-48-4-6(a). The offense was enhanced from a Class D felony to a Class B felony based on the additional allegation that the possession occurred within 1000 feet of a family housing complex. See id. At trial, Cook asserted a "defense" under Indiana Code Section 35-48-4-16 to the enhancement to a Class B felony. That statute, provides, in relevant part:

(a) For an offense under this chapter that requires proof of:

* * *

(3) possession of cocaine . . . .

Within one thousand (1,000) feet of . . . a family housing complex, the person charged may assert the defense in subsection (b) or (c).

(b) It is a defense for a person charged under this chapter with an offense that contains an element listed in subsection (a) that:

(1) a person was briefly in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center; and

(2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one thousand (1,000) feet of the school property, public park, family housing complex, or youth program center at the time of the offense.

* * *

(d) The defense under this section applies only to the element of the offense that requires proof that the delivery, financing of the delivery, or possession of cocaine, a narcotic drug, methamphetamine, or a controlled substance occurred in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center.

4

Ind. Code § 35-48-4-16. In the appellate review of claims that the State has failed to present sufficient evidence to rebut a defense, the same standard applies as to other challenges to the sufficiency of evidence. Gallagher v. State, 925 N.E.2d 350, 353 (Ind. 2010) (citation omitted). A conviction must be affirmed "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." Id. (quoting McHenry v. State, 820 N.E.2d 124, 126 (Ind. 2005) (internal quotations and citation omitted)). Thus, here we must evaluate whether there is sufficient evidence from which the jury could have found that the State rebutted both of the claimed defenses beyond a reasonable doubt. See id.

The statutory "defense" "is not an affirmative defense but a mitigating factor that reduces culpability. Griffin v. State, 925 N.E.2d 344, 350 (Ind. 2010). Thus, the defendant does not have the burden of proof but "only the burden of placing the issue in question where the State's evidence has not done so." Id. at 347 (quotation marks and citation omitted). Once at issue, the State must rebut the defense by proving beyond a reasonable doubt either that the defendant was within 1000 feet of a family housing complex more than "briefly" or that persons under the age of eighteen at least three years junior to the defendant were within 1000 feet of the family housing complex. Id. at 347.

The term "briefly" as used in Indiana Code Section 35-48-4-16 has not been specifically defined by statute, but our supreme court has held that it implies "a relative comparison, not the mere abstract passage of a discrete period of time." Id. at 349. Therefore, "briefly," as used in the statutory enhancement defense, "mean[s] a period of

5

time no longer than reasonably necessary for a defendant's intrusion into the proscribed zone principally for conduct unrelated to unlawful drug activities, provided that the defendant's activities related to the charged offense are not visible.[1]" Id. at 349-50. So, for example, "when the principal purpose of a defendant's presence in the [proscribed] zone is to actively engage in criminal drug activity, especially if such activity is visible to any children, even a relatively short intrusion into the proscribed zone would be more than 'brief' and thus should not excuse the defendant from the enhancement." Id. at 349.

Our opinion in Harrison v. State, 901 N.E.2d 635 (Ind. Ct. App. 2009), is instructive. There, an undercover officer purchased crack cocaine from the defendant on a rainy, windy evening in March within 1000 feet of a public park. The evidence was silent about the presence of persons under the age of eighteen, showing only that the undercover operation had begun in front of the Wheeler Mission when the officer inquired about buying cocaine and that the officer and the defendant had then walked from the mission to within 703 feet of the public park. The total undercover operation had taken a total of thirty minutes.

In Harrison, the evidence merely showed that the officer and the defendant had walked to a point 703 feet from the park, the defendant delivered the cocaine, and they walked away. Id. at 643. There was no evidence to the contrary, and we held that the State failed to prove either that persons under the age of eighteen were within 1000 feet of the public park or that the defendant was within 1000 feet of that park for more than a brief time. Thus, the State failed to rebut the statutory defense. Id.

Here, the evidence at trial shows that Officer Thomas and Sergeant Eastes arrived at the apartment building less than a minute apart and then immediately proceeded upstairs and knocked on the door to Apartment 4. Bowman answered the door and, right after she opened it, the officers observed Cook walking out of the apartment's bathroom. Again, once Cook asserted the defense under section 35-48-4-16, the State had the burden to rebut the defense by proving beyond a reasonable doubt either that the defendant was within 1000 feet of a family housing complex more than "briefly" or that persons under the age of eighteen at least three years junior to the defendant were within 1000 feet of the family housing complex. See Griffin, 925 N.E.2d at 347. But the evidence at trial does not disclose when the officers were dispatched to the apartment, nor does it provide any other indication of why Cook was at the apartment or how long he was in the apartment or the family housing complex as a whole. Thus, there is a failure of evidence regarding length of time Cook was within the family housing complex. As such, the State did not meet its burden to prove the enhancement to the offense. See id.

While the evidence at trial does not prove the length of time Cook was in the proscribed zone, we must also consider whether the State has shown that persons under the age of eighteen were within the family housing complex while Cook was there.[2] See Ind. Code § 35-48-1-16(b). Again, the record is devoid of any evidence that any persons under the age of eighteen and more than three years Cook's junior were within 1000 feet of the family housing complex where Cook was arrested. The State points to evidence

---

[2] Again, the State may defeat Section 35-48-4-16's defense to the enhancement by showing either that the defendant was within 1000 feet of a family housing complex more than "briefly" or that persons under the age of eighteen at least three years junior to the defendant were within 1000 feet of the family housing complex. Griffin, 925 N.E.2d at 347.

that Bowman had children, that Bowman's apartment contained children's items, that one of the officers drove a school bus that picked children up in the complex. But, as in Harrison, such evidence is insufficient to show beyond a reasonable doubt that children were within 1000 feet of the complex when Cook was there. See Harrison, 901 N.E.2d at 643.

In sum, the State has not demonstrated beyond a reasonable doubt either that Cook was in the family housing complex more than "briefly" as contemplated in section 35-48-4-16 or that there were children under the age of eighteen present within 1000 feet of the complex while Cook was there. Thus, the State has not met its burden to prove the enhancement of the possession of cocaine charge to a Class B felony. As a result, we must reverse Cook's conviction and sentence for possession of cocaine within 1000 feet, as a Class B felony, and we remand with instructions to enter a judgment of conviction for possession of cocaine, as a Class D felony, and to resentence him accordingly.

Reversed and remanded with instructions.

ROBB, C.J., and VAIDIK, J., concur.