**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**VICKIE YASER**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEROME K. JACKSON, JR., | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1210-PC-535 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Douglas A. Tate, Judge
Cause No. 34D01-0904-PC-403

**June 7, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jerome Jackson appeals the denial of his petition for post-conviction relief.  We reverse in part and remand.

**Issues**

Jackson raises two issues, which we reorder and restate as:

> I.  whether trial counsel's failure to present evidence regarding the validity of the license plate of a vehicle searched by police amounted to ineffective assistance of counsel; and
>
> II.  whether trial counsel's failure to present evidence that children were not present at the school at the time of Jackson's arrest amounted to ineffective assistance of counsel.

**Facts**

The relevant facts are as follows:

> On January 3, 2007, Kokomo Police Officer Jason Burton ("Officer Burton") was on patrol when he observed the car in front of him run a red light.  Officer Burton activated his lights and eventually his siren to get the car to pull over.  The car did not immediately stop but traveled two to three blocks before pulling into the parking lot of an apartment complex, where it stopped in a parking space.  The parking lot is located within 1,000 feet of a school.  After the car had parked, the driver of the car, David Haulcy ("Haulcy"), started to get out of the car.  Officer Burton ordered him to stay in the car and approached the driver's side door.  As he did, Officer Burton noticed that the license plate on the car had expired.  Officer Burton contacted the police dispatch, which confirmed that the plate was expired and further informed him that the car was registered to a Zearlan Whitfield.  There was no indication that the car had been stolen.  Officer Burton asked for consent to search the car, but Haulcy indicated that he should ask the owner of the

2

car for such consent.  Because the car had expired plates, Officer Burton requested a truck to tow the vehicle away.

As Officer Burton spoke with Haulcy, Kokomo Police Officer Brian Hunt ("Officer Hunt") arrived and began to question defendant Jackson, who was in the passenger seat. Officer Hunt asked Jackson for identification, which Jackson claimed not to have on him.  Officer Hunt then asked Jackson to step outside the car and asked him what his name was. Jackson then provided Officer Hunt with false information about his identity.

Because the car was being towed, Officer Burton conducted an onsite inventory of the vehicle and found in the open center console a plastic baggie containing what was later confirmed to be over seven grams of cocaine.  Officer Burton then informed Jackson that he was being arrested because of the contraband in the car.  Officer Hunt then placed Jackson in handcuffs and searched him.  This search revealed a driver's license with Jackson's true identity.  After a field test indicated that the substance in the car was cocaine, Officer Hunt took Jackson to the jail.  While being booked into the jail, another officer found another baggie containing over four grams of cocaine hidden on Jackson's person.

On January 5, 2007, the State charged Jackson with Class A felony dealing in cocaine, Class B felony possession of cocaine, and Class B misdemeanor false informing.  On April 11, 2007, Jackson filed a motion to suppress the evidence seized as a result of the stop.  Following a hearing, the trial court denied the motion to suppress on June 22, 2007. A jury trial was held on October 26, 29, and 30.  At the trial, Jackson tendered two proposed final jury instructions regarding statutory defenses to the charges of possession of cocaine within 1,000 feet of a school.  The trial court refused to give these instructions to the jury.  The jury found Jackson not guilty of Class A felony dealing in cocaine, but guilty of the remaining two charges.

3

Jackson v. State, 890 N.E.2d 11, 14-15 (Ind. Ct. App. 2008). On direct appeal, Jackson challenged the inventory search and the denial of his tendered jury instructions. We affirmed his convictions. See Jackson, 890 N.E.2d at 21.

Jackson then filed a petition for post-conviction relief arguing in part that the failure to present certain evidence related to the motion to suppress and the failure to present evidence regarding the lack of children at the school amounted to ineffective assistance of trial counsel. On September 11, 2012, following a hearing, the post-conviction court[1] entered findings and conclusions, which provided in part:

> The defendant argues that evidence that the license plate had not expired was wrongfully excluded and, if admitted, there would have been a reasonable probability that the trial court would have granted Jackson's Motion to Suppress. To support this assertion the Defendant references a tow slip prepared by Officer Ty [sic] Darlin of the Kokomo Police department documenting the impoundment and inventory of the vehicle in which Jackson was a passenger on the night of his arrest. This form shows 2006 as the year issued. The Defendant suggests that the tow slip indicates the license plate was current.
>
> On appeal the Defendant raised the issue of contradictory evidence being presented at trial as it pertained to the vehicle registration. Since evidence that the plate may not have been expired was known to the Defendant at trial and raised on appeal it cannot be grounds for post conviction relief.
>
> \* \* \* \* \*

---

[1] A hearing was conducted on November 4, 2011, and February 10, 2012. On June 27, 2012, Jackson filed a motion requesting a ruling on his post-conviction relief petition. On July 17, 2012, Jackson filed praecipe for determination of whether a ruling has been delayed beyond the time limit set forth in Indiana Trial Rule 53.2. On August 9, 2012, our supreme court issued an order appointing a special judge. The special judge issued findings and conclusions on September 11, 2012.

4

The purpose of the stop was not an expired plate. It was only after the driver was stopped for allegedly disregarding a stop sign that the arresting officer was provided with information that the license plate had expired. The driver was not the legal owner of the vehicle. Even if the plate had a sticker indicating that the plate was current, it does not negate the fact that a records check of the plate indicated it had expired. This statute provides for just such a scenario. The officer was required to take the vehicle into his custody until the legal owner could be located or the proper registration could be found. This is precisely what the officer did. The appellate court has already determined that the stop was not "pretextual." The stop was valid and Jackson was not unreasonably detained. As such, Jackson's argument on this point must fail.

Jackson also argues that his counsel was ineffective for failing to present a defense under I.C. 35-48-4-16(b) which could have reduced Jackson's conviction of possession of cocaine from a class B felony to a class D felony. In order to assert a defense under this statute there must be evidence the defendant was in the area briefly and that no children under eighteen (18) years were present within one thousand feet of a school. On appeal Jackson argued that the trial court erred in failing to allow a jury instruction referencing the defenses pursuant to this statute.

Jackson's Petition for Post Conviction Relief relies upon the testimony of Jonathan Shuck [sic], the assistant principal at Maple Crest Schools and Officer Jason Burton of the Kokomo Police Department. Mr. Shuck [sic] testified that on the date in question; January 3, 2007, the school was on winter break. Winter break ended January 4, 2007. Mr. Shuck [sic] had no knowledge as to whether there were children present at the school at the time of the arrest. Further, at the PCR hearing Officer Burton testified that he did not see any children at the school. However, he also testified that he did not go upon school property.

Jackson argues that if Officer Burton had been asked at trial if he saw children at the school that the instruction would have been allowed. However, Officer Burton could not say with any reasonable certainty that no children were located at

5

the school, let alone in the area in the vicinity of the school, at the time of the arrest. It is highly unlikely that Officer Burton's testimony alone would have been enough for the court to have allowed the instruction.

The statute requires that the Defendant present sufficient evidence to place into question the issue of whether children were present within one thousand feet of the school. The fact that Jackson's counsel offered an instruction referencing these defenses indicates that he at least considered raising that issue. Counsel was unable to provide any proof to support this defense at trial. The evidence submitted by Jackson for purposes of post conviction relief would not be sufficient to support such a defense, either. A failure to provide evidence which does not appear to exist is not grounds to argue that Jackson's counsel was ineffective.

App. pp. 122-24.[2] The post-conviction court denied Jackson's petition. On October 2, 2012, Jackson filed a motion to correct error, which the post-conviction court denied. He now appeals.

## Analysis

Generally, the completion of the direct appeal process closes the door to a criminal defendant's claims of error in conviction or sentencing. Pruitt v. State, 903 N.E.2d 899, 905 (Ind. 2009). However, defendants whose appeals have been rejected are allowed to raise a narrow set of claims through a petition for post-conviction relief. Id. (citing Ind. Post-Conviction Rule 1(1)). A post-conviction court must make findings of fact and conclusions of law on all issues presented in the petition. Id. (citing P-C.R. 1(6)). The findings must be supported by the facts, and the conclusions must be supported by the law. Id. "Our review on appeal is limited to these findings and conclusions." Id.

---

[2] Instead of including a copy of the post-conviction court's order in the back of his brief, Jackson included a copy of his proposed findings and conclusions.

6

The petitioner bears the burden of proof, and an unsuccessful petitioner appeals from a negative judgment. Id. A petitioner appealing from a negative judgment must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. Id. We will disturb a post-conviction court's decision as being contrary to law only where the evidence is without conflict and leads to but one conclusion and the post-conviction court has reached the opposite conclusion. Id.

Jackson argues that trial counsel was ineffective for failing to present conflicting testimony regarding the validity of the license plate and for failing to present evidence that children were not present at the school at the time of the arrest. "To establish a post-conviction claim alleging the violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish before the post-conviction court the two components set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)." Kubsch v. State, 934 N.E.2d 1138, 1147 (Ind. 2010), cert. denied. First, a defendant must show that counsel's performance was deficient by establishing that counsel's representation fell below an objective standard of reasonableness and that "'counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment.'" Id. (quoting Strickland, 466 U.S. at 687, 104 S. Ct. at 2064). A defendant must also show that the deficient performance prejudiced the defense by establishing there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Id. "Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." Id.

### I. Officer Darlin's Testimony

In support of his motion to suppress, Jackson claimed that the car's license plate and registration were valid and, therefore, the towing of the car was not authorized under Indiana Code Section 9-18-2-43(a), which provides in part:

> Notwithstanding any law to the contrary but except as provided in subsection (b), a law enforcement officer authorized to enforce motor vehicle laws who discovers a vehicle required to be registered under this article that does not have the proper certificate of registration or license plate:
>
> > (1) shall take the vehicle into the officer's custody; and
> >
> > (2) may cause the vehicle to be taken to and stored in a suitable place until:
> >
> > > (A) the legal owner of the vehicle can be found; or
> > >
> > > (B) the proper certificate of registration and license plates have been procured.

Jackson asserts that, if the tow was improper, so was the inventory search.

In support of this argument, Haulcy testified at the suppression hearing that the registration and license plate were valid. A copy of a valid registration for the vehicle was also admitted into evidence.[3] Officer Hunt and Officer Burton both testified that they observed the expired license plate. Officer Burton also testified that dispatch informed

---

[3] At the suppression hearing, the trial court noted that the registration was not relevant to the validity of the license plate. The registration was not admitted into evidence at trial because it was not a certified document and was not relevant to the validity of the license plate.

him the license plate had expired on October 15, 2006. During the hearing, the tow slip was admitted into evidence, and Officer Tye Darlin, who filled out the tow slip, testified about it generally. The trial court ruled that the inventory search was proper because, after the police determined that the license plate was expired, it was appropriate to tow the car.

Jackson argues that trial counsel[4] should have questioned Officer Darlin about the entry on the tow slip indicating the license plate was issued in 2006 and, therefore, still valid in January 2007. Officer Darlin testified at the post-conviction relief hearing that, if the license plate said it expired in 2007, then he would have written that it was issued in 2006 on the tow slip.

According to Jackson, Officer Darlin's testimony would have corroborated Haulcy's testimony that the license plate was valid and impeached Officer Burton's and Officer Hunt's testimony that the license plate was expired. Jackson claims that Officer Darlin's testimony would have "tipped the balance in the courts' [sic] consideration of the reasonableness of the inventory search and resulted in suppression of subsequently seized evidence." Appellant's Br. p. 18.

In reviewing the post-conviction court's order, it appears that the post-conviction court did not address this issue as a claim of ineffective assistance of counsel. Instead, the post-conviction court framed the issues as "[w]hether the court erred in denying the

---

[4] The hearing on the motion to suppress was conducted on three different days, and Jackson was represented by Haulcy's attorney at the second and third hearings.

9

admissibility of a tow slip prepared by Officer Ty [sic] Darlin."[5] App. p. 121. As such, the post-conviction court incorrectly held that this issue was not available as a basis for post-conviction relief because it was known and raised on direct appeal. To the contrary, because Jackson framed the issue as ineffective assistance of trial counsel, it was available as a basis for post-conviction relief. See McCann v. State, 854 N.E.2d 905, 909 n.1 (Ind. Ct. App. 2006) ("While it is true that McCann waived any freestanding claim of error by failing to raise the issue on direct appeal, he may nevertheless challenge the propriety of the instruction in the context of an ineffective assistance of counsel claim."). Further, the post-conviction court's additional findings based on the assumption that the tow slip was admissible do not provide an adequate basis for reviewing the issue as a claim of ineffective assistance of counsel. Thus, we remand for the trial court to make findings and conclusions regarding whether trial counsel's failure to elicit testimony from Officer Darlin regarding the validity of the license plate amounted to ineffective assistance of counsel.

## II. Jury Instruction

Jackson argues that trial counsel was ineffective for not presenting any evidence showing that no children were at the school at the time of his arrest. Jackson was charged with and convicted of Class B felony possession of cocaine based on his proximity to a school. See Ind. Code § 35-48-4-6(b)(2)(B)(i). Without the school enhancement, the offense would have been a Class D felony. See I.C. § 35-48-4-6(a).

---

[5] Although the tow slip was excluded at trial, it was admitted into evidence at the suppression hearing. See Trial Tr. p. 63.

In its opening statement, the State indicated that it was going to call a representative from the school to testify about school activities at the time of Jackson's arrest. The State did not call this witness, and the only evidence regarding the presence of children was from Officer Burton, who testified that he did not go to the school after the arrest and that he was not aware if anyone went to the school to see if school events were taking place. Jackson tendered an instruction based on Indiana Code Section 35-48-4-16(b), which explains:

> (b) It is a defense for a person charged under this chapter with an offense that contains an element listed in subsection (a) that:
>
> > (1) a person was briefly in, on, or within one thousand (1,000) feet of school property, a public park, a family housing complex, or a youth program center; and
> >
> > (2) no person under eighteen (18) years of age at least three (3) years junior to the person was in, on, or within one thousand (1,000) feet of the school property, public park, family housing complex, or youth program center at the time of the offense.

The trial court declined to give the instruction because there was "absolutely no evidence whatsoever about someone under the age of 18 . . . ."[6] Trial Tr. p. 257. The trial court further explained, "If there was some evidence to show that there was nobody there, then we'd have to give this instruction, I don't think there's any question about that, but there is no evidence . . . ." Id. at 258-59.

---

[6] Although the parties do not elaborate on whether Jackson was briefly within 1,000 feet of the school, the trial court appeared to reject the State's argument that Jackson was not there briefly when it stated, "Well, he parked the car because there's red lights and sirens encouraging him to do so." Trial Tr. p. 255.

At the post-conviction relief hearing, Jackson's attorney asked Officer Burton if he saw any children at or near the school and he replied, "No, I cannot say that I saw any children at the school." PCR Tr. p. 6. Officer Burton also testified that this would have been his answer in 2007. Jackson also presented the testimony of Johnathan Schuck, who was the assistant principal at the school in 2007 and who was responsible for scheduling the building. Schuck explained that he had reviewed his calendar, and January 3, 2007, was winter break. When asked if he was aware of any activities involving children that would have been scheduled at the school after 7:00 p.m. on January 3, 2007, Schuck responded, "I can't say, based on the information that I have, that I'm aware of anything." Id. at 43.

The State asserts "no evidence was presented during the post-conviction proceedings that conclusively established no minors were present in the thousand foot area." Appellee's Br. p. 10. The State relies on Stringer v. State, 853 N.E.2d 543, 549 (Ind. Ct. App. 2006), in which we affirmed a trial court's refusal to give a similar instruction because "Stringer only evoked testimony during cross-examination of one of the State's witnesses that it is unknown whether anyone under the age of eighteen was in the park at the time Stringer was arrested."

The State, however, cites no authority for proposition that a defendant must conclusively establish that no minors were present before he or she is entitled to an instruction based on Indiana Code Section 35-48-4-16(b). To the contrary, in Griffin v. State, 925 N.E.2d 344, 347 (Ind. 2010), our supreme court agreed with the analysis of Indiana Code Section 35-48-4-16(b) in Harrison v. State, 901 N.E.2d 635 (Ind. Ct. App.

12

2009), trans. denied. In Harrison, we concluded, "Indiana Code Section 35-48-4-16(b) constitutes a mitigating factor that reduces culpability, and therefore the defendant does not have the burden of proof but 'only the burden of placing the issue in question where the State's evidence has not done so.'" Harrison, 901 N.E.2d at 642 (quoting Adkins v. State, 887 N.E.2d 934, 938 (Ind. 2008)). Once the defendant places the issue into question, the State has the burden of rebutting the defense "by proving beyond a reasonable doubt either that the defendant was within 1000 feet of a public park more than 'briefly' or persons under the age of eighteen at least three years junior to the defendant were within 1000 feet of the public park . . . ." Id. (quoting I.C. § 35-48-4-16(b)).

Thus, at trial, Jackson did not have the burden of proving the defense; he was only required to present evidence placing the issue into question. Although Officer Burton's trial testimony that he did not go to the school and was not aware if anyone else went to the school may not have been sufficient to place the issue in question, we believe that Schuck's and Officer Burton's post-conviction hearing testimony would have been sufficient to place the issue in question. See Griffin, 925 N.E.2d at 348 (contrasting Stringer and Jackson's direct appeal in which the evidence was inconclusive regarding the presence of children and concluding the officer's testimony affirmatively representing that he saw no children at or near the school property was sufficient to raise an issue as to the absence of children and to require the State to rebut the defense). To the extent the post-conviction court characterized Schuck as having testified that he had no knowledge as to whether children were present at the time of the arrest, we do not believe this is an

13

accurate assessment of Schuck's testimony. Instead, Schuck testified that the arrest occurred during winter break and that he was not aware of any scheduled activities involving children at the time of the arrest. This is consistent with Officer Burton's testimony that he did not see any children at the school.

Based on the trial court's explanation for its ruling, it is clear that, had this evidence been presented, the trial court would have instructed the jury on the defense. Thus, trial counsel's failure to introduce such evidence fell below an objective standard of reasonableness. Further, we believe that, had the jury been instructed on the defense, there is a reasonable probability that he would have been convicted of Class D felony possession or cocaine instead of Class B felony possession of cocaine. As such, the post-conviction court erroneously denied this claim of ineffective assistance of counsel.

**Conclusion**

Because the post-conviction court did not address the failure to present Officer Darlin's testimony regarding the validity of license plate as a claim of ineffective assistance of counsel, we remand for findings and conclusions on that issue. Further, trial counsel's failure to present evidence on the issue of whether children were present at the school at the time of Jackson's arrest was ineffective assistance of counsel, requiring reversal on that issue. If the post-conviction court determines that the failure to present

Officer Darlin's testimony was not ineffective assistance of counsel, we direct that Jackson receive a new trial on the issue of the statutory defense if the State so chooses.[7]

Reversed and remanded.

NAJAM, J., and BAILEY, J., concur.

---

[7] Although Jackson requests that his Class B felony conviction be reduced to a Class D felony and that a three-year sentence be imposed, we believe that request is premature. If the State elects not to retry Jackson, however, we direct that the conviction be reduced.